UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STERLING P. HARRIS, JR.,

        Petitioner,               Case Number: 2:14-CV-11922
                                                       HONORABLE SEAN F. COX

v.

KEN TRIBLEY,

        Respondent.
        _____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Sterling P. Harris, Jr., is a state inmate currently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan. He challenges his convictions for second-degree murder, larceny from a person, and felony firearm. The claim raised does not provide a ground on which habeas relief may be granted. Therefore, the petition will be dismissed.

**I.**

Petitioner was charged in Wayne County Circuit Court with first-degree murder, larceny from a person, and felony firearm, in connection with the shooting death of Raphael White on September 24, 2004, in Inkster. He pleaded no contest to second-degree murder, larceny from a person, and felony firearm. On December 19, 2005, he was sentenced to 20 to 40 years' in prison for the second-degree murder conviction, 3 to 10 years' in prison for the larceny from a person conviction, and two years' in prison for

the felony-firearm conviction.

He filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Harris*, No. 268381 (Mich. Ct. App. June 20, 2006). Petitioner's application for leave to appeal to the Michigan Supreme Court was not accepted for filing because it was not timely filed.

Petitioner next filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Harris*, No. 04-012704 (Wayne County Cir. Ct. Feb. 22, 2013). Petitioner filed applications for leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Harris*, No. 316076 (Mich. Ct. App. Oct. 11, 2013); *People v. Harris*, 495 Mich. 992 (Apr. 28, 2014).

Petitioner then filed the pending habeas corpus petition. He raises a single claim: the trial court failed to arraign him within twenty-four hours of his arrest and was therefore divested of subject matter jurisdiction.

## II.

### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court


the felony-firearm conviction.

He filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Harris*, No. 268381 (Mich. Ct. App. June 20, 2006). Petitioner's application for leave to appeal to the Michigan Supreme Court was not accepted for filing because it was not timely filed.

Petitioner next filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Harris*, No. 04-012704 (Wayne County Cir. Ct. Feb. 22, 2013). Petitioner filed applications for leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Harris*, No. 316076 (Mich. Ct. App. Oct. 11, 2013); *People v. Harris*, 495 Mich. 992 (Apr. 28, 2014).

Petitioner then filed the pending habeas corpus petition. He raises a single claim: the trial court failed to arraign him within twenty-four hours of his arrest and was therefore divested of subject matter jurisdiction.

## II.

### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court

shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

**B.**

The claims raised are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

3

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of

whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.

Petitioner argues that the state court was divested of subject-matter jurisdiction because it failed to arraign him within twenty-four hours of his arrest as required by Michigan Court Rule 6.907(A)(1).

"'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and does not encompass reexamining state-court determinations of state-law issues. *Id.* at 68. The determination whether a state court had jurisdiction under state law is properly made by the state courts, not the federal judiciary. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); s*ee also Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law: The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction. . . . This determination of jurisdiction is binding on this [federal] court.") (internal quotation omitted). Habeas relief is denied.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the

conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability.

## V.

For the reasons stated, the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

Dated: July 8, 2014 

S/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on July 8, 2014, the foregoing document was served on counsel of record via electronic means and upon Sterling Harris, Jr., via First Class mail at the address below:

Sterling Harris, Jr. 530643
Baraga Maximum Correctional Facility
13924 Wadaga Road
Baraga, MI 49908

S/ J. McCoy
Case Manager