UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STERLING P. HARRIS, JR.,

        Petitioner,        Case Number: 2:14-CV-11922
                                      HONORABLE SEAN F. COX

v.

KEN TRIBLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR ALTERING/AMENDING JUDGMENT**

The Court denied Petitioner Sterling P. Harris, Jr.'s *pro se* petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254.  Now before the Court is Petitioner's "Motion for Altering/Amending Judgment for Dismissing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability."

Petitioner states that he seeks relief under Federal Rule of Civil Procedure 59(b). Rule 59(b) provides that a motion for retrial must be filed no later than ten days after the entry of judgment.  No trial occurred in this case.  Based upon the relief Petitioner seeks, the Court construes the motion as having been filed pursuant to Fed. R. Civ. P. 59(e), which concerns motions to alter or amend a judgment.

Motions to alter or amend a judgment, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion."  *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins.*

*Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.*, *(quoting Keweenaw Bay*, 904 F. Supp. at 1141).

None of the arguments set forth by Petitioner in support of his motion satisfy the standards under which Rule 59(e) motions may be granted. He simply reasserts arguments already considered and denied by the Court. Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Altering/Amending Judgment for Dismissing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability" [dkt. # 6] is **DENIED**.

Dated: October 9, 2014                     S/ Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Judge

I hereby certify that on October 9, 2014, the foregoing document was served on counsel of record via electronic means and upon Sterling Harris via First Class mail at the address

below:

STERLING HARRIS
530643
BARAGA MAXIMUM CORRECTIONAL FACILITY
13924 WADAGA ROAD
BARAGA, MI 49908

                                                  S/ J. McCoy
                                                  Case Manager